## BARRY v. AMERICAN LOCOMOTIVE AUTOMOBILE CO.

(Supreme Court, Appellate Term. November 12, 1909.)

1. APPEAL AND ERROR (§ 1099*)—SUBSEQUENT APPEALS—LAW OF THE CASE—WEIGHT OF TESTIMONY.

A change in the testimony, after an appeal, to meet the opinion of the appellate court, does not have great weight, when met by explicit and clear testimony in contradiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4376; Dec. Dig. § 1099.*]

2. APPEAL AND ERROR (§ 1195*)—LAW OF THE CASE.

The trial justice, on the second trial of the cause, is bound by the opinion on appeal from the judgment rendered on the first trial, where the testimony in the two trials is the same.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

3. SALES (§ 279*)—CONTRACT—BREACH.

The contract of a seller of an automobile to replace such parts "as may break in normal service" does not bind him to replace parts which are worn or defective.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 783–792; Dec. Dig. § 279.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. SALES (§ 437*)—CONTRACT—BREACH.

A buyer of an automobile, suing the seller for failure to replace such parts as might break in normal service, could not recover because of the failure of the seller to replace parts, on overhauling the car, as required by the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1248–1257; Dec. Dig. § 437.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by James T. Barry against the American Locomotive Automobile Company. From a judgment for plaintiff, rendered in the Municipal Court of the City of New York, defendant appeals. Reversed, and new trial ordered.

See 113 N. Y. Supp. 826.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Hyman & Campbell (Mark Hyman, of counsel), for appellant.
Louis Steckler, for respondent.

LEHMAN, J. The plaintiff purchased an automobile from the defendant under a contract containing a clause of guaranty, whereby the defendant—

"agreed to repair or replace at the factory, within one year after delivery of the car, any parts of the chassis that may break in normal service, because of defective material or workmanship, or deliver such parts to you free of charge at our factory once during said year, and at the same time repair or replace such parts thereof as we may find necessary in order to put the chassis in good order."

The alleged break occurred after the year had elapsed, and the first question is whether the guaranty was extended. At a previous trial of this action judgment was rendered for the plaintiff, and upon appeal the judgment was reversed. This court there held that the cause of action herein is for repairs to parts of the car which the defendant refused to furnish to the plaintiff. The contract provided for repair or replacement of parts that may break in normal service. There is no other liability to furnish new parts, except in the course of overhauling. The cause of action cannot be sustained in this respect, because the alleged breach is not for failure to overhaul the car, but for failure to supply new parts, in place of its obligation to overhaul the car. The court further held that the cause of action cannot be sustained under the first part of the guaranty, because "concededly the only part of the defendant's agreement that was extended beyond the term expressed therein was the provision for an overhauling of the car."

At the new trial the plaintiff and his witnesses endeavored to show that the whole agreement, and not merely the provision for overhauling the car, was extended. No new testimony was introduced, except the testimony of James Barry, who says that he was present at the interview, and "that it was agreed that there should be an extension." He does not, however, state as to what the extension referred to. In

addition, the plaintiff and his attorney, who testified at both trials, now vary their testimony in some respects from that given at the first trial; but a change in testimony, after an appeal, to meet the points required by the opinion of the appellate court, cannot be regarded as having great weight, when met by explicit and clear testimony in contradiction. The respondent endeavors to meet this argument by claiming that the testimony has not been changed; but this court was in error on the last appeal. This argument, however, leaves him in the dilemma that, if the testimony has not been changed, the trial justice should have considered himself bound by the opinion of this court; if it has been changed, then the plaintiff has failed to bear the burden of producing a preponderance of evidence on this point.

However, even if we find that the whole guaranty was extended, the plaintiff has still failed to show a cause of action. The parts that were to be replaced thereunder were only such parts "as may break in normal service." There is absolutely no proof that any part broke. On the contrary, the evidence is simply that the parts were worn, or possibly defective. The plaintiff himself testified:

"I had my chauffeur take the car apart, and sent the parts down to the Berliet people, and asked them to give me new parts for these worn or defective parts."

These parts were apparently the parts that defendant might have been required to replace under its contract to overhaul the car; but plaintiff can recover the damages sought to be proven here only in an action for failure to overhaul.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.